**Mohammed RAISUDDIN, Shaila Rais, Petitioners,**

v.

**Alberto R. GONZALES, Respondent.**

Nos. 05–4749–ag(L), 05–4750–ag(Con).

United States Court of Appeals, Second Circuit.

July 13, 2006.

Salim Sheikh, New York, N.Y., for Petitioners.

Sheldon J. Sperling, United States Attorney for the Eastern District of Oklahoma, Jeanette Windsor, Gordon B. Cecil, Assistant United States Attorneys, Muskogee, Okla., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Mohammed Raissudin and Shaila Rais petition for review of the BIA's denial of their August 2005 motion to reopen their deportation proceedings and reconsider its previous decisions. We presume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen and reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111

(2d Cir.2006). With respect to petitioners' request that the BIA reconsider its prior adverse decisions, the BIA did not err in denying that request as untimely. *See* 8 C.F.R. § 1003.2(b)(2). Although petitioners argue that the BIA should have exercised its *sua sponte* authority under 8 C.F.R. § 1003.2(a) to reconsider its prior decisions, this Court does not have jurisdiction to review the BIA's choice not to do so. *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

Petitioners also moved the BIA to reopen their deportation proceedings pursuant to 8 C.F.R. § 1003.2(c)(3)(ii) on account of deteriorated conditions in Bangladesh. We deny the petitions for review of this motion to reopen to the extent that petitioners claimed that the Bangladesh National Party's ("BNP") success in the October 2001 Bengladeshi national elections constituted changed conditions warranting reopening of their deportation proceedings. As the BIA indicated, petitioners had based their previous motion to reopen on this same claim and evidence. This claim of changed circumstances could not, therefore, meet the requirement that motions filed pursuant to 8 C.F.R. § 1003.2(c)(3)(ii) be premised on previously unavailable evidence. However, the BIA failed to acknowledge petitioners' new basis for changed conditions, which they supported by affidavits submitted with their motion: that the Rapid Action Battalion ("RAB"), created by the Bengladeshi government in 2004, came looking for Mohammed in October 2004. Therefore, we remand for the BIA to evaluate whether this threat establishes Mohammed's *prima facie* eligibility for asylum or withholding and warrants reopening of petitioners' deportation proceedings.

For the foregoing reasons, the petitions for review are GRANTED, in part, the BIA's order is VACATED, in part, and the case is REMANDED for further proceedings with respect to petitioners' claim that the threat posed by Bengladeshi officials in 2004 constituted changed conditions in Bangladesh warranting reopening of their deportation proceedings. The petitions for review are DENIED with respect to petitioners' request for reconsideration and reopening on other grounds. Petitioners' removal is STAYED until the BIA renders a new decision on their motion to reopen. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). Respondent's motion for summary denial is DENIED.